UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
DANIEL B. REASER, *et al.*,              :
                                        :        CASE NO. 1:09-CV-2265
                  Plaintiff,             :
                                        :
        v.                               :        OPINION & ORDER
                                        :        [Resolving Doc. Nos. 7, 29, 31, 32, 39, & 42.]
UNITED STATES OF AMERICA,                :
                                        :
                  Defendant.             :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        The government moves to dismiss this tax refund action for lack of subject-matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  [Doc. 7; Doc. 31.]  For the reasons

below, the Court GRANTS IN PART and DENIES IN PART the government's motion.

                                        **I**

        Plaintiffs Daniel B. Reaser, Cecil S. Reaser, Reaser Enterprises, Inc., RNR Development,

LLC, and RNR Trust brought this action to recover a $261,398.25 cash bond they paid to the Internal

Revenue Service to clear allegedly improper federal tax liens from five parcels of real estate in

Elyria, Ohio.  [Doc. 23.]  The IRS filed a lien against Reaser Enterprises—the one-time owner of the

parcels—following an audit for 1996 and 1997.  However, the plaintiffs contend that before the IRS

recorded the lien, Reaser Enterprises had sold the parcels to Daniel and Cecil Reaser (who then

resold the parcels to RNR Development and RNR Trust) in an arm's-length transaction.  Thus, the

plaintiffs say, because federal tax liens apply only to assets held when the liens are recorded, the lien

against Reaser Enterprises should not have applied to the parcels.

Case No. 1:09-CV-2265
Gwin, J.

The IRS, however, viewed the plaintiffs as alter egos of one another—and thus as a single taxpayer for purposes of the 1996 and 1997 back taxes owed by Reaser Enterprises. Consequently, the IRS maintained that, notwithstanding the timing of the transfer, the parcels were still subject to the lien. The IRS thus recorded liens against the parcels.

To avoid defaulting on the parcels' mortgages (triggered by a federal tax lien), the plaintiffs posted a cash bond in exchange for release of the liens. The plaintiffs stated in their accompanying letter that the bond was merely "a substitute for the lien on the real estate while the taxpayers continue to obtain resolution to this issue"—rather than a payment of Reaser Enterprises's underlying tax liability. The IRS, however, treated the bond as a payment of the underlying liability, released the tax liens by issuing Form 668(Z) (a form used for release of—rather than discharge of property from—federal tax liens), and closed the file. [Doc. 25 at ¶ 29.]

The plaintiffs then filed a refund claim with the IRS. The IRS denied that claim, and consequently, the plaintiffs filed this action for both a refund and damages as a result of the IRS's allegedly unauthorized collection procedures.

**II**

The government now moves to dismiss the action for lack of subject-matter jurisdiction. On a factual jurisdictional attack (like this one), the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**A**

The government advances two grounds for its motion. First, the government contends that the plaintiffs did not timely exhaust their statutory administrative claim remedies for either their

-2-

Case No. 1:09-CV-2265
Gwin, J.

refund claim or their damages claim.  [Doc. 31-3.]

With respect to the plaintiffs' refund claim, the government argues that the plaintiffs failed to request or receive a certificate of discharge after posting their bond, as required by 26 U.S.C. § 6325(b)(4).  *See id.* § 6325(b)(4)(A) ("At the request of the owner of any property subject to any lien imposed by this chapter, the Secretary shall issue a certificate of discharge of such property if such owner . . . (ii) furnishes a bond acceptable to the Secretary in a like amount.").  Further, the government argues that even if the plaintiffs had received a certificate of discharge, they failed to file this action within 120 days after the certificate was issued, as required by 26 U.S.C. § 7426(a)(4).  *See id.* § 7426(a)(4) ("If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary.").  Because the plaintiffs failed to follow this administrative claim procedure, the government contends, this Court lacks jurisdiction under 28 U.S.C. § 1346(a).  *See Munaco v. United States*, 522 F.3d 651, 657 (6th Cir. 2008) (holding that § 1346(a) does not provide jurisdiction over recovery action by plaintiffs who received property encumbered by tax liens, paid to remove liens, but failed to utilize remedies in § 6325(b)(4) and § 7426(a)(4)).

The flaw in the government's argument is that the IRS treated the plaintiffs' cash bond as a payment to *release* (that is, completely extinguish) the underlying lien against Reaser Enterprises—not a payment to *discharge* the parcels from that lien while leaving the lien intact against Reaser Enterprises's other assets.  [Doc. 25 at ¶ 29.]  Upon receiving the plaintiffs' bond, the

-3-

Case No. 1:09-CV-2265
Gwin, J.

IRS issued Form 668(Z)—a form used only for releases, not discharges—and closed the plaintiffs'
tax file.  [Doc. 34-7 ("Certificate of *Release* of Federal Tax Lien") (emphasis added); Doc. 25 at ¶
29.]

As a result, the plaintiffs did not have to comply with the administrative claim requirements
of § 6325(b)(4) and § 7426(a)(4), which apply only to discharges.[1]  Instead, before filing this action
they needed only to comply with the more generous claim requirements governing releases: §
6325(a), § 7422(a), § 6511(a), and § 6532(a)(1).  *See* 26 U.S.C. § 6325(a) (providing for release of
lien upon posting of bond); *id.* § 7422(a) (barring suit prior to filing refund claim); *id.* § 6511(a)
(refund claim with IRS must be filed no later than three years after return was filed or two years after
tax was paid, whichever is later); *id.* § 6532(a)(1) (statute of limitations bars judicial action filed
more than two years after denial of refund claim).

The plaintiffs satisfied those requirements.  They posted the cash bond on January 30, 2006.
[Doc. 34-3.]  They then filed a refund claim with the IRS on January 22, 2008—less than two years
after posting the bond, as required by § 6511(a).  [Doc. 34-2 at ¶ 10.]  The IRS denied their claim
on March 10, 2008, and the plaintiffs brought this action on October 1, 2009—less than two years
after that denial, as required by § 6532(a)(1).  [Doc. 1.]  Because the plaintiffs correctly complied
with this administrative claim procedure, this Court has jurisdiction over the plaintiffs' recovery
claim under 28 U.S.C. § 1346(a)(1).

However, the Court lacks jurisdiction over the plaintiffs' claim for damages as a result of the
government's use of unauthorized collection procedures under 26 U.S.C. § 7433.  Because the

---

[1] *Munaco* is thus distinguishable because there—unlike here—the IRS treated the plaintiff as a third-party
property owner, not the taxpayer.  *See* 522 F.3d at 652.

-4-

Case No. 1:09-CV-2265
Gwin, J.

plaintiffs' claim did not comply with the regulations' administrative claim requirements, they failed to timely exhaust their administrative remedies.  [Doc. 31-2.]  *See* 26 U.S.C. § 7433(d)(1) (barring damages award unless administrative remedies exhausted).  First, the plaintiffs' claim was not addressed to the correct IRS official.  *Cf.* 26 C.F.R. § 301.7433-1(e)(1) (claim must be sent to "the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides").  Second, it did not contain the requisite taxpayer contact information.  *Cf. id.* § 301.7433-1(e)(2)(i) (claim must include "name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim").  Finally, it did not include the dollar amount of the claim.  *Cf. id.* § 301.7433-1(e)(2)(iv) (claim must include "[t]he dollar amount of the claim").  Because of these flaws, the plaintiffs failed to administratively exhaust their damages claim, and as a result, the Court lacks jurisdiction over that claim.[2/]

**B**

The government's second jurisdictional argument is that Daniel Reaser, Cecil Reaser, and Reaser Enterprises lack Article III standing because they do not own the parcels and did not post the cash bond (RNR Development and RNR Trust did).  But as explained above, the IRS treated the bond not as a *discharge* payment from the property owners, but rather as a *release* payment by the taxpayer.  And on the IRS's theory, because the plaintiffs were alter egos of one another, all of the plaintiffs were the "taxpayer" who made the release payment.  Consequently, they all stand to recover that release payment.  They thus satisfy the Article III standing requirement of an "injury in

---

[2/]The plaintiffs have moved to extend the jurisdictional discovery cutoff.  [Doc. 29.]  However, because the discovery sought by the plaintiffs is unrelated to the exhaustion issue—and thus could not cure the failure to exhaust discussed above—the Court denies the plaintiffs' motion as moot.

Case No. 1:09-CV-2265
Gwin, J.

fact" that would be redressed by a favorable decision on the merits in this action.  *See Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

### III

For the foregoing reasons, the Court **DENIES** the government's motion to dismiss the

plaintiffs' recovery claim, **GRANTS** the government's motion to dismiss the plaintiffs' damages

claim, **DENIES** the government's motion to dismiss for lack of standing, **DENIES AS MOOT** the

plaintiffs' motion to extend the jurisdictional discovery cutoff, and **GRANTS** the plaintiffs' motion

for leave to file a surreply instanter.

IT IS SO ORDERED.


Dated: August 16, 2010                                    s/          *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE